ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

2019 JUL -1  PM 2: 14

DEPUTY CLERK_____ *ER*

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:19-CR- 318 |
| SANJAY NANDA (01) | 3-19CR-318-K |

## PLEA AGREEMENT

Sanjay Nanda ("Nanda"), the defendant, Robert R. Smith, the defendant's attorney,

and the United States of America (the government), agree as follows:

1.    **Rights of the defendant**:   Nanda understands that he has the rights

   a.    to plead not guilty;

   b.    to have a trial by jury;

   c.    to have his guilt proven beyond a reasonable doubt;

   d.    to confront and cross-examine witnesses and to call witnesses in his
         defense; and

   e.    against compelled self-incrimination.

2.    **Waiver of rights and plea of guilty**:   Nanda waives these rights and

pleads guilty to the offense alleged in Count One of the Information, charging a violation

of 18 U.S.C. §1343, Wire Fraud.  Nanda understands the nature and elements of the

crime to which he is pleading guilty, and agrees that the factual resume he has signed is

true and will be submitted as evidence.

3.    **Sentence**:   The maximum penalties the Court can impose include:

   a.    imprisonment for a period not to exceed twenty (20) years;

   b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c.    a term of supervised release of not more than three years, which will follow any term of imprisonment.  If Nanda violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d.    a mandatory special assessment of $100;

   e.    restitution to victims or to the community, which may be mandatory under the law, and which Nanda agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   f.    costs of incarceration and supervision; and

   g.    forfeiture of property.

4.    **Immigration consequences**:   Nanda recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses. Nanda understands this may include the offense to which he is pleading guilty, and for purposes of this plea agreement, he assumes the offense is a removable offense.  Removal and other immigration consequences are the subject of a separate proceeding, however, and Nanda understands that no one, including his attorney or the district court, can predict to a certainty the effect of Nanda's conviction on his immigration status.  Nanda

nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea of guilty may entail, even if the consequence is his automatic removal from the United States.

5.    **Court's sentencing discretion and role of the Guidelines**:  Nanda understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.  The Guidelines are not binding on the Court, but are advisory only.  Nanda has reviewed the Guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the Guidelines in this case.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the appropriate term of imprisonment in this case is at the low end of the Guidelines.  However, Nanda understands that this recommendation is not binding on the Court, and Nanda will not be allowed to withdraw his plea if the recommendation is not adopted, if the applicable advisory guideline range is higher than expected, or if the Court departs from the applicable guideline range.  Nanda fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6.    **Mandatory special assessment**:  Prior to sentencing Nanda agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

7.    **Defendant's agreement**:  Nanda shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction.

Plea Agreement (S. Nanda) – p. 3
Contents of this page agreed to by the defendant:_____(defendant's initials)

Upon demand, Nanda shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Nanda expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him to evaluate his ability to satisfy any financial obligation imposed by the Court. Nanda fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Nanda agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy his full and immediately enforceable financial obligation. Nanda understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

8.     **Government's agreement**:  The government will not bring any additional charges against Nanda based upon the conduct underlying and related to his plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any charges in any pending complaint or indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Nanda or any property.

9.     **Violation of agreement**:   Nanda understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Nanda for all offenses of which it has knowledge.  In such event, Nanda waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Nanda also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10.     **Voluntary plea**:   This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.     **Waiver of right to appeal or otherwise challenge sentence**:   Nanda waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court.  Nanda further waives his right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  Nanda, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12.   **Representation of counsel**:   Nanda has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.   Nanda has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Nanda has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

**[NOTHING FURTHER ON THIS PAGE]**

13.     **Entirety of agreement**:   This document is a complete statement of the parties'

agreement and may not be modified unless the modification is in writing and signed by

all parties.  This agreement supersedes any and all other promises, representations,

understandings, and agreements that are or were made between the parties at any time

before the guilty plea is entered in court.  No promises or representations have been made

by the United States except as set forth in writing in this plea agreement.


AGREED TO AND SIGNED this ___ day of May 2019.

ERIN NEALY COX
UNITED STATES ATTORNEY


_____
SANJAY NANDA
Defendant

_____
PAUL YANOWITCH
Assistant United States Attorney
Illinois Bar No. 6188269
1100 Commerce Street, Third Floor
Dallas, Texas  75242
Telephone:   214.659.8600
Facsimile:   214.659.8618
Email:       paul.yanowitch@usdoj.gov


_____
ROBERT R. SMITH
Attorney for the Defendant

_____
ERRIN MARTIN
Section Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.


May 21, 2019

_____          _____
SANJAY NANDA                                              Date
Defendant


I am the defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.


_____          ____21 May 2019____
ROBERT R. SMITH                                       Date
Attorney for Defendant